11·13·15

IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY,
PENNSYLVANIA
CIVIL ACTION – LAW

**EXHIBIT A**

STEVEN KISS and KATHY KISS, h/w,  : NO. C0048CV201001426
    Plaintiffs,

vs.

STATE FARM INSURANCE COMPANY  : CIVIL ACTION
    Defendant.  : JURY TRIAL DEMANDED

## AMENDED COMPLAINT

1. Plaintiffs, Steven Kiss and Kathy kiss, h/w, are adult individuals residing at 3887 Jenny Drive, Danielsville, Lehigh County, PA, and at all times relevant hereto resided together as husband and wife.

2. Defendant, State Farm Insurance Company, is an insurance company licensed to transact business in the Commonwealth of Pennsylvania with offices situated, inter alia, at 1 State Farm Drive, Concordville, PA 19339.

3. On or about December 28, 2006, Steven Kiss was involved in a motor vehicle accident in which he sustained personal injuries.

4. Prior thereto, Defendant, State Farm Insurance Companies, issued a policy of automobile insurance to Plaintiffs. Said policy was in effect on the date of the accident. Said automobile insurance policy provided for $100,000.00 in under insured motorist insurance benefits, and insured five vehicles under said policy in accordance with the requirements of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 P.S. Section 1701, et seq, as amended.

5. As a result of the accident aforementioned, Plaintiff suffered, inter alia, serious and permanent injuries including but not limited to, torn right

rotator cuff requiring surgery, headaches, and neck injuries including aggravation of spinal stenosis, along with other injuries, some or all of which may be permanent.

6. As a further result of the aforementioned accident, the Plaintiff has been obliged to receive and undergo medical attention and care and to expend various sums of money or to incur various expenses for which medical benefits are payable. He may be obligated to continue to expend various sums of money for an indefinite period of time in the future in order to receive treatment for his injuries.

7. Following the accident, the Plaintiff incurred reasonable and necessary treatment from, among others, Muhlenberg Hospital, Coordinated Health Services and Macarthur Medical Center.

8. At various times, Plaintiff has requested and Defendant has paid medical bills as they have been accumulating during the period commencing on the date of the accident and continuing, through the present.

9. It is averred that all medical bills are fair and reasonable and that said treatment was medically necessary ..

10. As a further result of the aforementioned accident and his aforementioned injuries, the Plaintiff has been forced to take narcotic pain medications which have serious side effects including somnolence and confusion.

11. As a further result of the aforementioned accident and his aforementioned injuries and symptoms, including pain, headaches, confusion, dizziness

and pain medication side effects, Mr. Kiss has been rendered unable to work.

12. By letter dated November 9, 2007, Defendant agreed to waive its subrogation rights concerning the third party settlement by Mr. and Mrs. Kiss, and agreed that they may sign the settlement agreement with the tortfeasor in the underlying action for that tortfeasor's policy limits of $25,000.00.

13. Upon receipt of these funds, Defendant knew that Mr. Kiss would be required to reimburse his worker's compensation carrier substantially all of the proceeds of the tortfeasor's policy limits for medical benefits which should have been paid through the Kiss's State Farm automobile insurance policy.

14. Thereafter, Defendant induced Mr. Kiss to sign, and Mr. Kiss did sign a medical authorization permitting Defendant access to all of Mr. Kiss' medical records and information.

15. Defendant, by and through its authorized agent represented to Mr. Kiss that he had only $100,000.00 in underinsured motorist coverage, when in fact due to the stacking provisions of his policy Mr. Kiss had $500,000.00 in coverage.

16. Defendant by and through its authorized agent represented to Mr. Kiss that if he had to retain the services of an attorney, he would be required to

pay that attorney at least 1/3 of any settlement, and therefore represented that the most he would recover would be $70,000.00, and attempted to induce Mr. Kiss to sign a release for that amount.

17. Mr. Kiss refused to sign a release, and Defendant, by and through its duly authorized agent, issued a check in the amount of $70,000.00, which he told Mr. Kiss was payment only for his shoulder injuries and did not represent any payment for Mr. Kiss' other injuries from this accident.

18. Subsequently, Defendant's agent has taken the position that Mr. Kiss by receipt and acceptance of the aforesaid $70,000.00 check, has waived any and all other claims for underinsured motorist coverage.

19. Defendant failed to evaluate the Kiss's claim for underinsured motorist insurance, and on the contrary defended against that claim through underinsured motorist arbitration.

20. Defendant's unreasonably refused to pay medical benefits owed to Mr. Kiss for necessary ongoing medical care.

21. Defendant's unreasonable refusal to pay additional sums owed to Mr. and Mrs. Kiss constitutes a breach of its contract with Mr. and Mrs. Kiss.

22. Defendant's unreasonable refusal to pay additional sums owed to Mr. and Mrs. Kiss constitutes "bad faith" in Defendant's handling of the underinsured motorist claims of Mr. and Mrs. Kiss.

23. It is averred that under the Pennsylvania Motor Vehicle Financial Responsibility Law, in the event that an insurer is found to have acted with "no reasonable foundation" it is also liable for attorney's fees.

24. Defendant has undertaken a course of action which has been designed to unilaterally, and without justification, refuse claims for underinsured motorist insurance benefits arising out of the maintenance or use of a motor vehicle, in contradiction to the terms of the contract, Pennsylvania Motor Vehicle Financial Responsibility Law and the case law of the Commonwealth of Pennsylvania.

25. Defendant has refused to pay the balance due under the terms and conditions of the policy if insurance and the Pennsylvania Motor Vehicle Financial Responsibility Law. As a result of the aforesaid, Plaintiff has been required to hire the services of an attorney to collect the medical bills due. Therefore, pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, are entitled to attorney's fees "in the event that the insurer is found to have acted in an unreasonable manner in refusing to pay the benefits when due." The insurance company must also pay twelve (12) percent interest.

<u>COUNT I - BREACH OF CONTRACT</u>
PLAINTIFF v. DEFENDANT

26. Plaintiffs incorporate herein by reference the allegations contained in the preceding paragraphs of the Complaint as though the same were set forth at length herein.

27. The plaintiff has fully complied with all the terms, conditions and duties required under the policy.

28. Defendant has failed objectively and fairly to evaluate the plaintiffs' claim.

29. Defendant has failed promptly to offer payment of the reasonable and fair value of the claim to the plaintiffs.

30. Defendant failed reasonably to investigate plaintiff's claim inasmuch as a thorough and proper inquiry would have revealed that plaintiff sustained serious injuries to his head and neck.

31. As the owner of an insured vehicle, plaintiff is owed by defendant, a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate the underinsured motorist claim in good faith and to arrive at a prompt, fair and equitable settlement.

32. For the reasons set forth above, defendant has violated its obligations under the policy of insurance.

WHEREFORE, the Plaintiffs pray this Honorable Court to grant judgment in their favor and against the defendant, in an amount in excess of the compulsory arbitration limits as well as interest, costs of suit, attorneys fees and such other relief as this Honorable Court deems just and proper.

## COUNT II BAD FAITH

33. Plaintiffs incorporate herein by reference the allegations contained in the preceding paragraphs of the Complaint as through the same were set forth a length herein.

34. The actions of Defendant in the handling of plaintiff's underinsured motorist claim constitutes bad faith as defined under 42 Pa. C.S.A. § 8371 as follows:

a. Failing objectively and fairly to evaluate plaintiff's claim;

b. Failing objectively and fairly to reevaluate plaintiff's claim based on new information;

c. Engaging in dilatory and abusive claims handling;

d. Failing to adopt or implement reasonable standards in evaluating plaintiff's claim;

e. Acting unreasonably and unfairly in response to plaintiff's claim;

f. Not attempting in good faith to effectuate a fair, prompt and equitable settlement of plaintiff's claim in which the defendant's liability under the policy had become reasonably clear;

g. Subordinating the interests of its insured and those entitled under its insureds coverage to its own financial monetary interests;

h. Failing to promptly offer reasonable payment to the plaintiff;

i. Failing reasonably and adequately to investigate plaintiff's claim;

j. Failing reasonably and adequately to evaluate or review the medical documentation in defendant's possession;

k. Violating the fiduciary duty owed to the plaintiff;

l. Acting unreasonably and unfairly by withholding underinsured motorist benefits justly due and owing to the plaintiff;

m. Failing to make an honest, timely, intelligent and objective settlement offer;

n. Causing plaintiff to expend money on the presentation of his claim;

33. At all relevant times, plaintiff fully complied with the terms and conditions of the policy and all conditions precedent and subsequent to his right to recover under the policy.

34. For the reasons set forth above, defendant has violated the policy of insurance, its obligations as an insurer, has failed to act toward the plaintiff in good faith and has violated 42 Pa. C.S.A. § 8371 for which defendant is liable for compensatory and punitive damages, together with interest, attorneys fees and such other relief as the court deems appropriate.

35. Defendant has engaged in wanton and reckless conduct with regard to the welfare, interest and rights of the plaintiff, and is liable for its bad faith conduct.

WHEREFORE, the Plaintiffs pray this Honorable Court to grant judgment in their favor and against the defendant in an amount in excess of the compulsory arbitration limits, as well as interest, costs of suit, attorneys fees, other damages allowed by 42 Pa. C.S.A. § 8371. and such other relief as this Honorable Court deems just and proper

Respectfully submitted

KNAFO LAW OFFICES

By: *[signature]*
Carl B. Williamson, Esquire
I.D. # 53881
1409 Hausman Road
Allentown, PA 18104
(610) 432-2221
ATTORNEY FOR PLAINTIFFS

## VERIFICATION

The Undersigned verifies that he has read the attached document and that it is true and correct to the best of his/her knowledge, information and belief. To the extent that the language of the pleading is that of counsel, the Undersigned has relied upon Counsel in making this verification. Also, to the extent that the pleading contains inconsistent averments, the undersigned has been unable, after reasonable investigation to ascertain which of the inconsistent averments are true but that the undersigned has knowledge or information sufficient to form a belief that one of them is true.

This verification is made subject to the penalties of 18 P.S. Section 4904 relating to unsworn falsification to authorities.

*[signature]*

DATE: MAY 10, 2015