IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEVEN AND KATHY KISS

            v.                      C.A. NO. 15-6572

STATE FARM INSURANCE COMPANY

### MEMORANDUM OPINION

SCHMEHL, J.   /s/ JLS                                           MAY 16, 2016

      This matter was originally commenced by plaintiffs in the Court of Common Pleas of Northampton County, then removed by defendant to this Court on the basis of diversity of citizenship. Plaintiffs assert claims against defendant for breach of insurance contract and bad faith. Presently before the Court is the defendant's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is granted.

      To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint has facial plausibility when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 55 U.S. 662, 678 (2009). A court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. Cnty of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Legal conclusions and

recitals of the elements of a cause of action that are supported only by mere conclusory statements are to be disregarded. Santiago v. Warminster Twp., 629 F. 3d 121, 128 (3d Cir. 2010).

According to the Amended Complaint, defendant issued to plaintiffs an automobile insurance policy which provided for $100,000.00 in underinsured motorist benefits and insured five vehicles. (Am. Compl. ¶ 4.) On December 28, 2006, husband plaintiff was involved in a motor vehicle accident in which he sustained personal injuries. (Id. ¶ 3.) Plaintiff requested and defendant has paid medical bills from the date of the accident to the date the suit was filed. (Id. ¶ 8.) As a result of the accident and subsequent treatment, husband plaintiff has been unable to work. (Id. ¶ 11.)

By letter dated November 9, 2007, defendant agreed to waive its subrogation rights to a settlement reached between plaintiffs and the underinsured tortfeasor for the tortfeasor's policy limits of $25,000.00 (Id. ¶ 12.) The Amended Complaint alleges that defendant's agent represented to husband plaintiff that he had only $100,000.00 in underinsured motorist coverage, when in fact due to the stacking provisions of his policy with defendant, husband plaintiff had $500,000.00 in coverage. (Id. ¶ 15.) Defendant attempted to get husband plaintiff to sign a release for the amount of $70,000.00 in underinsured benefits, claiming that would be the most he would actually recover after retaining the services of an attorney. (Id. ¶ 16.)  Husband plaintiff refused to sign the release and defendant issued a check in the amount of $70,000.00 (Id. ¶ 17.) Defendant's agent allegedly told plaintiff that this amount was only for plaintiff's shoulder injuries and did not represent payment for any of plaintiff's other injuries. (Id.) Plaintiffs allege that defendant's agent took the position that by receiving and accepting the aforesaid check for $70,000.00, husband plaintiff has waived any and all other claims for underinsured motorist

coverage. (Id. ¶ 18.) According to the Complaint, defendant failed to evaluate plaintiffs' claim for underinsured motorist insurance, and on the contrary defended against that claim through underinsured motorist arbitration. (Id. ¶ 19.)

In its Motion to Dismiss, defendant claims that "[p]laintiffs egregiously fail to advise the Court that in July 2014, the parties arbitrated the matter before three arbitrators, the arbitrators rendered an award, and that defendant paid the [underinsured motorist] arbitration award." (ECF 3-3, p. 2.) In response, plaintiffs concede that "it is undisputed that the matter was arbitrated, but plaintiffs contend that Defendant's failure to handle the arbitration appropriately constituted ongoing bad faith and other breaches of Defendant's duties to Plaintiffs." (ECF 5, p. 2.)

In Count One, plaintiff claims the defendant breached the terms of the policy by failing to: 1) objectively and fairly evaluate the plaintiffs' claim; 2) promptly offer payment of the reasonable and fair value of the claim to plaintiffs and 3) reasonably "investigate plaintiff's claim inasmuch as thorough and proper inquiry would have revealed that plaintiff sustained serious injuries to his head and neck." (Am. Compl. ¶¶ 28-30.)

Plaintiffs' claim for underinsured motorist benefits has already been litigated pursuant to the contractually mandated arbitration provision in plaintiff's policy with defendant. The arbitrators rendered an award for plaintiff, which the defendant promptly paid. Therefore, Count One fails as a matter of law.

In Count Two, plaintiffs allege that defendant's handling of plaintiffs' underinsured motorist claim amounts to bad faith as defined by 42 Pa. C.S.§ 8371. Specifically, plaintiffs allege that defendant's actions constituted bad faith in the following boilerplate particulars:

    a.    Failing objectively and fairly to evaluate plaintiff's claim;

    b.      Failing objectively and fairly to reevaluate plaintiff's claim based on new information;

    c.      Engaging in in dilatory and abusive claims handling;

    d.      Failing to adopt or implement reasonable standards in evaluating plaintiff's claim;

    e.      Acting unreasonably and unfairly in response to plaintiff's claim;

    f.      Not attempting in good faith to effectuate a fair, prompt and equitable settlement of plaintiff's claim in which the defendant's liability under the policy had become reasonably clear;

    g.      Subordinating the interests of its insured and those entitled under its insured coverage to its own financial monetary interests;

    h.      Failing to promptly offer reasonable payment to the plaintiff;

    i.      Failing reasonably and adequately to investigate plaintiff's claim;

    j.      Failing reasonably and adequately to evaluate or review the medical documentation in defendant's possession;

    k.      Violating the fiduciary duty owed to the plaintiff;

    l.      Acting unreasonably and unfairly by withholding underinsured motorist benefits justly due and owing to the plaintiff;

    m.      Failing to make an honest, timely, intelligent and objective settlement offer;

    n.      Causing plaintiff to expend money on the presentation of his clam

(Am. Compl. ¶ 34.)

To establish bad faith under 42 Pa.C.S.§ 8371, a plaintiff must demonstrate that the insurer (1) lacked a reasonable basis for denying benefits and (2) knew or recklessly disregarded

its lack of a reasonable basis. Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997); Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1999). In the insurance context, bad faith denotes a "frivolous or unfounded" refusal to pay policy proceeds, which imports a dishonest purpose and a breach of a known duty, such as good faith and fair dealing. Polselli v. Nationwide Mut.Fire Ins.Co., 23 F. 3d 747, 751 (3d Cir. 1994) (quotations omitted). While mere negligence or bad judgment are insufficient, a showing of reckless disregard will suffice to establish bad faith. 3039 B Street Assoc. Inc. v. Lexington Ins. Co., 740 F.Supp. 2d 671, 677 (E.D..Pa. 2010), aff'd 444 F. App'x 610 (3d Cir. 2011).

In essence, plaintiff's factual averments are that (1) plaintiffs are insured by defendant for underinsured motorist coverage; (2) the husband plaintiff was involved in a motor vehicle accident; (3) plaintiffs submitted medical records to defendant; (4) plaintiffs made a demand for payment of the underinsured motorist limits; and (5) plaintiffs did not agree with defendant's valuation of the claim.

Plaintiff's boilerplate allegations assert that defendant lacked a reasonable basis for denying plaintiffs' claim for benefits, but do not provide any factual allegations from which the Court could make a plausible inference that defendant knew or recklessly disregarded its lack of a reasonable basis for denying benefits. Klinger, 115 F.3d at 233 (3d Cir. 1997). Indeed, it is undisputed that the defendant in this case actually paid the underinsured motorist benefits pursuant to an arbitration award. While such assertions perhaps suggest that a bad faith claim is *possible*, they do not allow for any non-speculative inference that a finding of bad faith is *plausible*. Eley v. State Farm Insurance Co., No. Civ. A. 10-5564, 2011 WL 294031 (E.D. Pa. Jan. 31, 2011); Atiyeh v. National Fire Insurance Company of Hartford, 742 F.Supp. 2d 591, 600 (E.D. Pa. 2010); Robbins v. Metro. Life Insurance Company of Connecticut, No. Civ. A. 08-

0191, 2008 WL 5412087 (E.D. Pa. Dec. 29, 2008). The Rule 12(b)(6) standards, as interpreted by <u>Twombly</u> and <u>Iqbal</u>, require more. Accordingly, the Court will dismiss Count II of the Complaint.